[Docket No. 41]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| KATHLEEN PEZZANO, <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY MUTUAL MID ATLANTIC INSURANCE COMPANY, <br><br> Defendant. | Civil A. No. 22-2151 <br> (RMB/EAP) <br><br><br> OPINION |

**APPEARANCES:**

Harry Cummins, Esq.
WILKOFSKY, FRIEDMAN, KAREL & CUMMINS
299 Broadway, Suite 1700
New York, New York 10007

    *Attorney for Plaintiff Kathleen Pezzano*

Christopher J. Sulock, Esq.
CHARTWELL LAW
130 N. 18th Street, Suite 1200
Philadelphia, Pennsylvania 19103

    *Attorney for Defendant Liberty Mutual Mid Atlantic Insurance Company*

**RENÉE MARIE BUMB, Chief United States District Judge:**

This matter comes before the Court upon the Motion to Vacate Judgment by Plaintiff Kathleen Pezzano ("Plaintiff") [Motion (Docket No. 41); Pl.'s Br. (Docket No. 41-2)], which seeks to vacate this Court's Order [Docket No. 40], dated March 18, 2024, granting the motion for summary judgment by Defendant Liberty Mutual Mid

Atlantic Insurance Company ("Defendant"). Defendant has opposed the Motion [Def.'s Opp'n (Docket No. 42)]. Plaintiff has submitted a reply brief in further support of her Motion [Pl.'s Reply (Docket No. 43)]. The Court has considered the parties' submissions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiff's Motion will be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this litigation through her counsel, Harry A. Cummins, in February 2022 in the Superior Court of New Jersey, Law Division, Camden County. [Compl. (Docket No. 1-3).] In April 2022, Defendant removed the matter to this Court based upon diversity jurisdiction. [Notice of Removal (Docket No. 1).] Thereafter, the parties engaged in discovery. The Joint Proposed Discovery Plan [Docket No. 7] listed Michael Gorokhovich and Mr. Cummins, both of the law firm Wilkofsky, Friedman, Karel & Cummins ("WFKC"), as counsel for Plaintiff. Mr. Gorokhovich appeared on behalf Plaintiff in several status conferences before Magistrate Judges Donio and Pascal [Docket Nos. 9, 13, 14, 21], although he did not formally enter his appearance in this action until March 9, 2023 [Docket No. 22]. Mr. Cummins never withdrew his appearance in this case.

On October 18, 2023, Defendant submitted a letter setting forth the parties' agreed upon proposed briefing schedule for cross-motions for summary judgment [Docket No. 36]. The letter provided that both Plaintiff and Defendant would submit their respective summary judgment motions on November 17, 2023. The parties'

2

opposition briefs were due by December 1, 2023.  Any reply briefs were due by December 8, 2023.  The letter expressly stated that "[t]he parties have discussed and consented to this schedule." [*Id.*]

On November 22, 2023, Defendant filed its motion for summary judgment [Docket No. 37].[1]  Plaintiff, however, did not file her cross-motion, nor did she oppose Defendant's motion.

Unbeknownst to the Court, Mr. Gorokhovich experienced a series of personal setbacks and tragedies beginning in November 2023.  According to Mr. Cummins, Mr. Gorokhovich sustained "substantial property damage loss to his home while he was renovating the property" in or around November 2023.  [Cummins Ltr. at 2 (Docket No 41-1).]  Then in early January 2024, Mr. Gorokhovich suffered the tragic loss of his grandchild.  In the aftermath, his family endured various other health emergencies.  [*Id.*]  On January 31, 2024, Mr. Gorokhovich emailed Defendant's counsel, Christopher J. Sulock, explaining the "string of personal emergencies" and requesting his consent to file the cross-motion for summary judgment on Plaintiff's behalf by March 1, 2024, "so that [he] can inform the court of this agreement without going into details of all this on the public record." [Def.'s Opp'n Ex. A (Docket No. 42-1).]  The following day, Mr. Sulock responded to Mr. Gorokhovich, copying "all counsel of record," including Mr. Cummins. [Def.'s Opp'n Ex. B (Docket No. 42-2)].

---

[1]   It is unclear why the motion was filed a few days after the November 17 deadline that had been agreed upon by the parties.

3

Mr. Sulock agreed not to oppose any motion filed by Plaintiff "based on timeliness" and indicated that Mr. Gorokhovich could convey Defendant's position to the Court in "any formal request you might make to extend the deadlines for a response." [*Id.*] This Court was unaware of the parties' agreement. No such formal request was ever made. Nor did Plaintiff file a cross-motion at any time.

On March 18, 2024, the Court issued an Opinion [Docket No. 39] and Order [Docket No. 40] granting Defendant's motion and closed the case. Although the Court observed that Defendant's motion was unopposed, it did not grant the motion on that ground. The Court considered the record evidence submitted by Defendant, including deposition testimony and expert reports prepared by both sides, and determined that Plaintiff's claims failed on the merits. [*See* Op. at 9–12.]

Two days later, again unbeknownst to the Court, Mr. Sulock emailed both Mr. Cummins and Mr. Gorokhovich to confirm a conversation he had with Mr. Cummins the previous day:

> Please allow this to serve as a follow up to my discussion with Mr. Cummins yesterday. We were advised that it is Plaintiff's intention to petition the Court to re-open the above captioned matter and seek additional time to respond to Defendant's Motion for Summary Judgment. Our client is not willing to consent to any extensions of time. We note that the Court in ruling on the Motion for Summary Judgment issued an opinion which clearly indicates the Court ruled on the merits of the case.

[Def.'s Opp'n Ex. D (Docket No. 42-4).] Despite Mr. Cummins's assurance to Mr. Sulock that a motion to vacate was forthcoming, no such motion was filed until

4

nearly *eleven months* later.[2] That motion is now before the Court and ripe for adjudication.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides certain grounds upon which a court "may relieve a party or its legal representative from a final judgment, order, or proceeding." These include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Any "motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

"The general purpose of Rule 60 . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be

---

[2] Mr. Cummins has informed the Court that Mr. Gorokhovich unfortunately passed away in September 2024. The Court expresses its deep condolences to Mr. Gorokhovich's family.

done." *Curran v. Howmedica Osteonics*, 425 F. App'x 164, 166 (3d Cir. 2011) (quoting *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978)). "Because parties have a strong interest in the finality of judgments, '[the Third Circuit] has . . . cautioned that relief from a judgment under Rule 60 should be granted only in exceptional circumstances.'" *Id.* (quoting *Boughner*, 572 F.2d at 977). The movant "bears [the] heavy burden" of establishing that relief is warranted. *Dirauf v. Berger*, 506 F. Supp. 3d 254, 261 (D.N.J. 2020), *aff'd*, 57 F.4th 101 (3d Cir. 2022) (quoting *Plisco v. Union R. Co.*, 379 F.2d 15, 17 (3d Cir. 1967)).

## III. DISCUSSION

Plaintiff requests that this Court vacate its Order granting Defendant's motion for summary judgment on the grounds of "excusable neglect" pursuant to Rule 60(b)(1).[3] "The test for 'excusable neglect' is equitable, and requires [the Court]

---

[3] Plaintiff does not appear to seek relief under any other subsection of Rule 60(b). Though Plaintiff quotes the language of Rule 60(b)(6) [Pl.'s Br. at 3], she nowhere argues that relief is appropriate under this subsection. In any event, relief under Rule 60(b)(6) is clearly not appropriate. "Rule 60(b)(6) is a catchall provision" that permits a court to vacate an order or judgment for "any other reason justifying relief . . . apart from those in Rule 60(b)(1)-(5)." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002). This subsection "provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Id.* "The 'extraordinary circumstances' must suggest 'that the party is faultless in the delay. If a party is partly to blame for the delay, relief must be sought within one year under subsection (1) and the party's neglect must be excusable.'" *Ethan Michael Inc. v. Union Twp.*, 392 F. App'x 906, 910 (3d Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)). Plaintiff points to nothing more than "mere neglect, inadvertence, indifference, or careless disregard of circumstances," which do not amount to exceptional or extraordinary circumstances. *Id.* (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

6

to weigh the 'totality of the circumstances.'" *Orie v. Dist. Att'y Allegheny Cnty.*, 946 F.3d 187, 191 (3d Cir. 2019) (quoting *Nara v. Frank*, 488 F.3d 187, 193–94 (3d Cir. 2007)). Importantly, "[b]oth the Supreme Court and [the Third Circuit] have long 'held that clients must be held accountable for the acts and omissions of their attorneys.'" *Brodie v. Gloucester Twp.*, 531 F. App'x 234, 237 (3d Cir. 2013) (quoting *Pioneer*, 507 U.S. at 396). The relevant inquiry "is not whether the client 'did all [she] reasonably could in policing the conduct of [her] attorney,' but rather if the 'attorney, as [her] agent, did all he reasonably could to comply" with court deadlines and rules. *Id.* (quoting *Pioneer*, 507 U.S. at 396). Accordingly, Plaintiff herself must bear the burden of her counsel's mistakes. *Perrigo Institutional Inv. Grp. v. Papa*, 150 F.4th 206, 219 (3d Cir. 2025).

Courts must consider four factors first articulated by the Supreme Court in *Pioneer*, 507 U.S. 380, when assessing excusable neglect: "1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay — and whether it was within the movant's control; and 4) whether the movant acted in good faith." *Orie*, 946 F.3d at 191 (quoting *Nara*, 488 F.3d at 194).[4]

District courts have a "duty of explanation" when "examining a Rule 60(b)(1) excusable neglect motion, meaning they must 'entertain an analysis of the *Pioneer*

---

[4] The *Pioneer* factors govern the analysis of "excusable neglect" in various contexts, including that of a Rule 60(b) motion. *In re O'Brien Env't Energy, Inc.*, 188 F.3d 116, 126 n.7 (3d Cir. 1999).

7

factors.'" *Balyan v. Baldwin*, 566 F. App'x 175, 176 (3d Cir. 2014) (cleaned up) (quoting *In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 182 (3d Cir. 2000)). "District courts must consider and balance all factors, and 'no one factor trumps the others.'" *See Perrigo*, 150 F.4th at 217 (quoting *In re Am. Classic Voyages Co.*, 405 F.3d 127, 133 (3d Cir. 2005)).

### A. Plaintiff's Motion is Untimely

Prior to addressing the merits of Plaintiff's Motion, the Court evaluates whether it has been timely filed under Rule 60(c). Plaintiff contends that she has complied with the Federal Rules of Civil Procedure by filing her Motion within a year of this Court's Order and that, therefore, there is no unreasonable delay on the judicial proceedings. [Pl.'s Br. at 4.] The Court rejects this argument.

"The one-year cut-off is an 'extreme limit, and the motion may be rejected as untimely if not made within a reasonable time even though the one-year period has not expired.'" *Johnson v. Life Ins. Co. of N. Am.*, 626 F. App'x 379, 383 (3d Cir. 2015) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2866 (3d ed. 2015)). In other words, while motions made after the one-year mark are *per se* untimely, a motion made within the one-year mark "may still be untimely if an unreasonable period of time has passed." *In re Diet Drugs Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010). "What constitutes a reasonable amount of time under Rule 60(c) depends on the specific circumstances of the case, including factors such as finality, the reason for delay, the practical ability of the litigant to learn of the

8

grounds relied upon, and potential prejudice to other parties." *Liguori v. Allstate Ins. Co.*, 2015 WL 71384, at *2 (D.N.J. Jan. 6, 2015) (citing *In re Diet Drugs*, 383 F. App'x at 246). This "can frequently be a period of less than one year." *Johnson*, 626 F. App'x at 383.

Plaintiff makes no effort to argue that the Motion was filed "within a reasonable time," as required by Rule 60(c). While the Court is sympathetic to the devastating hardships faced by Mr. Gorokhovich, they do not explain the eleven-month delay between the issuance of the Court's Order – of which Mr. Cummins was indisputably aware [Def.'s Opp'n Ex. D] – and the filing of the instant Motion. Mr. Cummins appears to lay the blame at Mr. Gorokhovich's feet, claiming that Mr. Gorokhovich gave Mr. Cummins "repeated assurances up to just prior to his untimely death in September 2024, that the motion [to vacate] would be submitted." [Pl.'s Reply at 6.] Then, "owing to time constraints and the workloads" of Mr. Cummins's colleagues, the motion was not filed until five months later. [*Id.*] This is no excuse.

The Court simply cannot find that this lengthy period is a "reasonable time" under Rule 60(c). *See Liguori*, 2015 WL 71384, at *2 (finding a five and a half month delay inexcusable "as courts have generally granted relief from final judgments where the delay was limited to one to two months in duration." (collecting cases)). The Court has also already expended significant judicial resources in considering the record evidence in this case, including engineering reports and deposition testimony, and issued a ruling on the merits of the case. [Docket No. 39.] Vacating that Opinion and the accompanying Order to allow Plaintiff to belatedly oppose Defendant's motion for

9

summary judgment would undermine this Court's strong interests in finality and case management. *See id.* (citing *Kohl's Dep't Stores, Inc. v. Levco-Route 46 Assocs., L.P.*, 121 F. App'x 971, 974 (3d Cir. 2005)). Accordingly, the Court finds that Plaintiff's Motion is untimely.

### B. The *Pioneer* Factors Do Not Warrant Relief Under Rule 60(b)(1)

Even if Plaintiff's Motion had been timely made, the Court finds that relief under Rule 60(b)(1) is not warranted after considering the *Pioneer* factors. The Court addresses each below, as it must, and evaluates the totality of the circumstances, cognizant that no one factor is dispositive.

#### i. The Danger of Prejudice to Defendant

This Court first considers whether Defendant will be prejudiced if the Court's Order is vacated. "Prejudice is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence." *O'Brien*, 188 F.3d at 127. Examples of prejudice may include "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Id.*

Defendant argues essentially that it will be prejudiced by having to incur more costs in connection with defending against Plaintiff's case. [Def.'s Opp'n at 6.] But "merely having to continue to defend an ongoing lawsuit is not—without more," sufficient to establish prejudice. *See Roofer's Pension Fund v. Papa*, 2024 WL 4205638, at *14 (D.N.J. Sept. 12, 2024), *aff'd sub nom. Perrigo Institutional Inv. Grp. v. Papa*, 150 F.4th 206 (3d Cir. 2025). And while Defendant surely has an interest in the finality

10

of the Court's judgment in its favor, this interest alone is insufficient to establish prejudice. If it were, "the prejudice factor would always weigh against" vacating an order or judgment under Rule 60(b). *See Perrigo*, 150 F.4th at 217.

Defendant also points to the length of time that has passed since discovery took place and the possibility of the destruction of evidence. [Def.'s Opp'n at 6.] It does not, however, specify what evidence it believes may be lost or destroyed. Without more, this is purely an "imagined or hypothetical harm" that is insufficient to support a finding of prejudice. *See O'Brien*, 188 F.3d at 127. In any event, as Plaintiff points out, the extensive evidence in this case, including engineering reports and inspections of Plaintiff's property, has been sufficiently documented and preserved such that there is no real danger that the evidence will be lost. [*See* Pl.'s Reply at 4–5.] While not alone dispositive, Defendant has not shown that it will be prejudiced by the Court vacating its Order.

      ii.    **The Length of the Delay and the Potential Impact on the Judicial Proceedings**

The Court next addresses the length of the delay, which must be measured "in absolute terms and not by reference to the import of intervening circumstances." *Perrigo*, 150 F.4th at 218. This means the operative period for this Court's analysis is the time between the issuance of this Court's Order on March 18, 2024, and the filing of the instant Motion on February 13, 2025, a period of nearly eleven months. Plaintiff does not squarely address this, instead conflating this *Pioneer* factor with the requirement that any Rule 60(b) motion be made within a reasonable time under

11

Rule 60(c). Regardless, given the facts here, the Court considers an eleven-month delay to be substantial. Courts have routinely found much shorter delays inexcusable. *See, e.g.*, *Kohl's*, 121 F. App'x at 975 (affirming district court's determination that roughly four-month delay was inexcusable); *Liguori*, 2015 WL 71384, at *2 (finding a five and a half month delay inexcusable).

What's more, in this Court's view, vacating the Court's summary judgment ruling and allowing Plaintiff to belatedly respond would not change the outcome of the case. As the Court has already noted, it ruled on the merits of this case. Indeed, as set forth in this Court's Opinion, even Plaintiff's own expert determined that there was no basis for imposing liability on Defendant. [Op. at 11–12.] Setting aside the Court's ruling after it has thoroughly assessed the record evidence and after such a lengthy delay would greatly disrupt the judicial proceedings. The Court would be required to expend more of its already limited resources in addressing a motion that it has already resolved on the merits. The litigation would be unnecessarily protracted and the judicial interests in case management and finality would be severely undermined. This factor strongly weighs against the relief Plaintiff seeks.

      iii.    **Plaintiff's Reason for the Delay and Whether it was Within Plaintiff's Reasonable Control**

Plaintiff claims that the eleven-month delay was due to the tragedies that befell Mr. Gorokhovich while Defendant's motion for summary judgment was pending and in the aftermath of the Court's decision prior to his passing. Mr. Cummins's attempt

12

to absolve himself of all responsibility and to instead deflect the blame onto his late colleague does not fly.

Given the personal tragedies that befell Mr. Gorokhovich while Defendant's summary judgment motion was pending, it is understandable that his focus was elsewhere and that extensions were necessary. What is not understandable, however, is that nothing was ever filed with the Court *until eleven months after its decision was rendered*. Counsel's personal difficulties do not release him or his law firm of their professional responsibilities to both Plaintiff herself and the Court.[5]

What's more, it is not clear – Plaintiff offers no explanation – why Mr. Gorokhovich did not request an extension from the Court at any time during the several months Defendant's motion was pending. *See Livingstone v. Haddon Point Manager, LLC*, 2021 WL 5711612, at *7 (D.N.J. Dec. 2, 2021) (finding that counsel's failure to timely request an extension from the court did not support a finding of excusable neglect). Indeed, that is precisely what he did in a separate case he handled during this period before another judge in this District: *AAA Life Insurance Company v. Giovanna Carlucci, et. Al.*, Civ. A. No. 21-20506 (RK/JBD).[6] Despite his hardships,

---

[5] The Rules of Professional Conduct require a lawyer to "act with reasonable diligence and promptness in representing a client" and to "make reasonable efforts to expedite litigation consistent with the interests of the client." RPC 1.3, 3.2. Additionally, WFKC had a responsibility to ensure its attorneys, like Mr. Gorokhovich, conformed to the Rules of Professional Conduct. RPC 5.1.

[6] Plaintiff claims that case supposedly "met a similar fate." [Pl.'s Br. at 6.] The record makes clear that is not so. Additionally, despite Plaintiff's erroneous statement to the contrary, that matter was never before the undersigned judge.

Mr. Gorokhovich kept the court in that case regularly apprised of his need for extensions and actively participated in the litigation. For example, he requested repeated extensions from the court prior to it ruling on any pending motions. [Civ. A. No. 21-20506, Docket Nos. 51, 54, 57.] He submitted a cross-motion for summary judgment and a reply brief, according to the revised schedule, and participated in an in-person settlement conference on July 19, 2024. [Civ. A. No. 21-20506, Docket Nos. 60, 62, 63]. Plaintiff's claim that Mr. Gorokhovich's "untimely demise prevented him from taking" similar action in this case is suspect. [Pl.'s Br. at 6.] If anything, his action in that litigation shows that the extent of his neglect in *this* action was not excusable.[7]

And, despite Mr. Cummins's efforts to minimize his role in this litigation, he never withdrew his appearance in the case. He received notices from the Court when submissions were filed and, most importantly, when the Court issued its Opinion and Order entering judgment against his client. Indeed, the communications submitted by Defendant show that defense counsel spoke with Mr. Cummins directly the day after

---

[7] Plaintiff's reliance on *Bateman v. U.S. Postal Service*, 231 F.3d 1220 (9th Cir. 2000), is likewise misplaced. In *Bateman*, an attorney failed to timely respond to a summary judgment motion, which resulted in judgment being entered against his client, due to a family emergency that required his immediate travel abroad. *Id.* at 1222. While the attorney did not immediately contact the Court upon his return, he did write to the court just twelve days after judgment was entered and filed his formal Rule 60(b)(1) motion about a month after the court denied his request to rescind the judgment. *Id.* at 1225. Given this brief delay, the *Bateman* court found that relief was warranted. *Id.* The facts at bar are much different. No prompt action whatsoever was taken before this Court to remedy counsel's neglect.

the Court's Order was entered and that Mr. Cummins indicated his intent "to petition the Court to re-open" the case. [Def.'s Opp'n Ex. D.] Yet he did no such thing until *eleven months later*. This failure to act "demonstrates a lack of diligence and a lack of substantial effort towards compliance" that does "not support a finding of excusable neglect." *See Livingstone*, 2021 WL 5711612, at *7.

Mr. Cummins then claims that the five months that passed between Mr. Gorokhovich's death and the filing of the instant Motion should be excused because of his colleagues' time constraints and heavy workloads. [Pl.'s Reply at 6.] But "[i]t is well established that a busy caseload generally does not constitute a basis for a finding of excusable neglect." *Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 330 (3d Cir. 2012). And "even when delay results from inadvertence of counsel, it need not be excused." *Gladstone 318 Atl. LLC v. Selective Ins. Co. of Am.*, 2015 WL 4623644, at *3 (D.N.J. July 31, 2015) (collecting cases).

The lengthy delay was unquestionably the result of circumstances within Plaintiff's reasonable control. *Liguori*, 2015 WL 71384, at *3. "Under *Pioneer*, the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule where the rule is entirely clear." *Perrigo*, 150 F.4th at 219 (cleaned up). Plaintiff's counsel here was well aware of their obligations and simply failed to act for the better part of a year. The fact that Plaintiff's "mistake 'was entirely avoidable and within [her counsel's] control,' coupled with [their] demonstrated lack of diligence," establishes that this factor weighs heavily against reopening this matter. *See id.* (quoting *In re Am. Classic Voyages*, 405 F.3d at 134).

15

### iv. Whether Plaintiff Acted in Good Faith

Finally, the Court examines whether Plaintiff acted in good faith. Based on the record before it, the Court finds that she did not. As Defendant notes, this does not mean that Plaintiff "acted in a manner that was intentional or malicious." [Def.'s Opp'n at 6.] But the lack of diligence on the part of Plaintiff's counsel simply cannot support a finding of good faith.

Plaintiff once again attempts to blame Mr. Gorokhovich entirely, arguing that "in the midst of a tragic and incomprehensible loss of his grandchild, Mr. Gorokhovich quite clearly lost sight of his duties and responsibilities, amounting to unquestionable negligence." [Pl.'s Reply at 6.] But so, too, did his colleague and law firm. His negligence may be excusable due to his family's tragedy. His law firm's negligence, however, is not.

Plaintiff claims that, despite being aware of what Mr. Gorokhovich was enduring personally, "WFKC was never aware, and had no reason to believe, that Mr. Gorokhovich was not adhering to all deadlines." [Pl.'s Br. at 6.] Not so. "A simple review of the docket at any time" between the filing of Defendant's Motion in November 2023 and Mr. Gorokhovich's passing in September 2024, would have revealed this. [Def.'s Opp'n at 11.] On February 1, 2024, Mr. Cummins was expressly made aware by defense counsel that Mr. Gorokhovich was falling behind on deadlines. [Def.'s Opp'n Ex. B.] But neither Mr. Cummins, who personally represented Plaintiff, nor WFKC did anything to intervene. While Mr. Cummins may not have been primarily responsible for this case, he was still counsel of record and received

16

notifications for all filings in this case from the Court. Yet he apparently failed to notice that, despite Mr. Gorokhovich's assurances, nothing was ever filed. This is inexcusable. *Sokol v. Wells Fargo Bank, N.A.*, 2023 WL 7002563, at *6 (D.N.J. Oct. 24, 2023), *aff'd*, 2024 WL 3579602 (3d Cir. July 30, 2024) (noting that counsel is required "to independently monitor the docket of his cases" and finding that "an attorney's failure to respond or manage cases does not meet the 'excusable neglect' standard set forth in Rule 60(b)(1)."). What's more, as stated above, a law firm is obligated to ensure that its attorneys comply with their professional responsibilities. RPC 5.1. There is nothing before this Court that demonstrates that WFKC carried out this duty appropriately.

The Court reiterates that this does not mean that Plaintiff's counsel acted in bad faith, maliciously, intentionally, or even with gross negligence. But "a party acts in good faith where it acts with 'reasonable haste to investigate the problem and to take available steps toward remedy." *Kohl's*, 121 F. App'x at 976 (citing *In re Cendant*, 235 F.3d at 184). Here, counsel acted with no haste whatsoever. Indeed, while their "lack of promptness in seeking relief appears to be the result of simple negligence," "such a protracted delay cannot be characterized as the result of any good faith efforts" to pursue Plaintiff's claims. *Liguori*, 2015 WL 71384, at *3; *see also Nara*, 488 F.3d at 194 (although party did not act in bad faith, delay and negligence was inexcusable).

---

Having considered the *Pioneer* factors, as well as the equitable considerations and the totality of the circumstances, the Court finds that Plaintiff has not met her

17

burden of establishing that excusable neglect warrants relief under Rule 60(b) from this Court's March 18, 2024 Order granting Defendant's motion for summary judgment.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Vacate is **DENIED**. An appropriate Order shall issue on this date.

<u>s/Renée Marie Bumb</u><br>
RENÉE MARIE BUMB<br>
Chief United States District Judge

DATED: <u>September 30, 2025</u>